UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY R KING,<br><br>    Plaintiff,<br>v.<br>JAMES KEY,<br><br>    Defendants. | Case No. C20-5707 JLR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 27, 2020 |

This matter is before the Court on plaintiff's filing of an amended complaint in response to the Court's order to show cause why his complaint should not be dismissed for failure to state a claim not barred by *Heck v. Humphrey*, 512, U.S. 477, 481 (1994). Dkt. 12. Plaintiff is proceeding *pro se* and has filed a motion to proceed *in forma pauperis* (IFP) in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's response has not cured the deficiencies in plaintiff's complaint, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding IFP "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant

REPORT AND RECOMMENDATION - 1

1   who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A

2   complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*,

3   745 F.3d 1221, 1228 (9th Cir. 1984).

4         Before the Court may dismiss the complaint as frivolous or for failure to state a

5   claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her

6   complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*

7   *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction,*

8   *Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th

9   Cir. 1987). On the other hand, leave to amend need not be granted "where the

10  amendment would be futile or where the amended complaint would be subject to

11  dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v.*

12  *Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package*

13  *Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

14        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the

15  conduct complained of was committed by a person acting under color of state law, and

16  (2) the conduct deprived a person of a right, privilege, or immunity secured by the

17  Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

18  *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is

19  the appropriate avenue to remedy an alleged wrong only if both of these elements are

20  present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

21        Here, plaintiff's amended complaint challenges his potential placement on work-

22  release. Dkt. 8 at 5. Plaintiff argues that because since he has yet to serve the firearms

23  enhancements, allowing plaintiff to leave on work-release would violate RCW

24

25

REPORT AND RECOMMENDATION - 2

9.94A.533, which holds that sentencing enhancements, including those for armed offences, must be served in "total confinement." Plaintiff argues that this makes him ineligible for work-release and asks the court to prevent his placement in such a program.

The Court previously advised plaintiff that any action seeking to challenge the fact or duration of his confinement would be the exclusive province of a writ of habeas corpus, in accordance with *Heck v. Humphrey*, 512, U.S. 477, 481 (1994). Dkt. 7, at 3. Plaintiff's amended complaint has clarified his position that he does not seek a reduction in the length of his sentence, but instead he seeks to enforce that his sentence be served as "hard time" rather of work-release. This amended claim still necessarily implicates the fact or duration of his confinement, because work release is a reduced level of state supervision and confinement. Furthermore, the amended complaint seeks to enforce state law and does not identify a constitutional or federal right allegedly violated by plaintiff's placement in a work-release program. Therefore, the complaint does not state a cognizable claim under 42 U.S.C. § 1983.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal of this action is for failure to state a claim under 42 U.S.C. § 1983 is proper.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result

REPORT AND RECOMMENDATION - 3

in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 27, 2020**, as noted in the caption.

Dated this 2nd day of November, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4